# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| PAULO DE ALMEIDA AND<br>IZABEL DE ALMEIDA, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | CV416-185 |
| CROWN WORLDWIDE MOVING<br>AND STORAGE, | )<br>)<br>)<br>) | |
| Defendant. | ) | |

## ORDER

Proceeding *pro se*, Paulo De Almeida[1] brings this lawsuit against (captioned defendant) Crown Worldwide Moving and Storage. Doc. 1 at 1, 2. The Complaint alleges (unedited and in its entirety):

---

[1] Izabel De Almeida (the docket lists her name as "Jzabel," and the handwritten Complaint is ambiguous) is listed as a plaintiff on the Complaint. Although she appears in the Complaint's caption, she did not sign the Complaint. Doc. 1 at 5. Paulo may not act on her behalf in this action. *See FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) ("The right to appear *pro se* . . . is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others.") (quoting 28 U.S.C. § 1654). If she asserts an interest in this case, she must proceed on her own behalf. If she wishes to apply to proceed *in forma pauperis*, she must also complete and sign her own application. *See Carter v. Kurn*, 120 F.2d 261, 262 (8th Cir. 1941) ("Where . . . the action is prosecuted for the joint benefit of several persons, the petition to proceed in forma pauperis is insufficient unless each person directly interested in recovery makes the poverty affidavit required by the statute, stating facts to show the financial inability.") Since

> We paid door to door shipping from Curitiba-PR, BRAZIL to Savannah, GA and the was not completed. Besides that are missing items and damage.

Doc. 1 at 3. That is the entirety of the claim. Then, for "Relief," the Complaint states (again in its entirety and unedited):

> We would like to be compensated for the missing and damage items and reimbursed for the job not completed.

Doc. 1 at 5. De Almeida also moves to proceed *in forma pauperis*. Doc. 2.

## I. Application to proceed *in forma pauperis*

De Almeida's application to proceed *in forma pauperis* states that he is self-employed and earned $12,000 in 2015. Doc. 2 at 1. He has, however, ignored the follow-up question about income he expects to receive from his employment in the future. *Id.* Wary of such indigency claims and cognizant of how easily one may consume a public resource with no financial skin in the game,[2] this Court demands supplemental

---

Paulo signed the Complaint and moved to proceed *in forma pauperis* the Court considers him the sole plaintiff.

[2] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work

2

information from dubious IFP movants. *See, e.g., Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346-48 (S.D. Ga. 2013). It will do likewise here.³ Therefore, within 14 days from the date this Order is filed, De Almeida shall disclose to the Court the following information:

(1) What income he currently receives from his self-employment, and how much he expects to receive per-month within the next year;

(2) What he spends each month -- broken down by category -- for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance he may receive;

(3) Whether he possesses a cellular telephone, TV set, and any home electronics equipment (include estimated value and related carrying expenses, such as carrier and subscription fees); and

---

and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), cited in *In re Zow*, 2013 WL 1405533 at * 2 (Bankr. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Serv.*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee).

³ Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). And second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions) (emphasis added); *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) ("There is no question that proceeding *in forma pauperis* is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court.")

(4) A list of any other cases showing an indigence-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

Answering these questions will clarify De Almeida's financial condition. In that regard, he must declare the facts he pleads to be true under penalty of perjury. If he does not use a preprinted IFP form to respond (*i.e.*, if he uses a blank sheet of paper), he must insert the following statement, exactly as written, above his signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1). If he chooses to resubmit an IFP form, he should supply *all* of the information requested, in addition to his answers to the questions above. The Clerk is **DIRECTED** to serve with this Order a blank IFP form for De Almeida's convenience. Failure to comply with this directive will result in a recommendation of dismissal. *See Kareem v. Home Source Rental*, 2014 WL 24347 at *1 (S.D. Ga. Jan. 2, 2014).

## II. Subject matter jurisdiction

The Court has an obligation to determine "whether it has subject matter jurisdiction at the earliest possible stage in the proceedings."

4

*Nalls v. Country Wide Home Servs., LLC*, 279 F. App'x 824, 825 (11th Cir. 2008) (quotes and cite omitted). Federal courts are courts of limited jurisdiction. It is presumed that a case lies outside that jurisdiction, and the party asserting jurisdiction (here, the plaintiff) bears the burden of overcoming that presumption. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (cites omitted).

De Almeida has not established subject matter jurisdiction. To establish diversity jurisdiction among U.S. citizens, he must plead facts showing that the parties are citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). He discloses a Georgia address for himself and a California address for the captioned defendant. Doc. 1 at 1, 2. Since the captioned defendant is not an individual, however, its citizenship, for diversity-jurisdiction purposes,

cannot be established from an address alone. *See* 28 U.S.C. § 1332(c)(1) (stating that a corporation's citizenship is determined by its state of incorporation and location of its "principal place of business"); 13F FED. PRAC. & PROC. JURIS. § 3630 (3d ed. 2016) (discussing complexity of analyzing citizenship of unincorporated associations (*e.g.*, partnerships, LLCs, etc.)). Hence, it is unclear whether this case involves diverse parties. And because De Almeida does not specify his alleged damages, the Court cannot determine whether they exceed the $75,000 jurisdictional threshold. Nor has he invoked any federal statute that might establish federal question jurisdiction. The Court cannot fill in jurisdictional gaps for him. *Boles v. Riva*, 565 F. App'x 845, 846 (11th Cir. 2014) ("[E]ven in the case of *pro se* litigants [where pleadings are construed liberally], this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.") (quotes and cite omitted).

Nevertheless, the Court exercises its discretion to give De Almeida a second chance. Within 30 days of the date this Order is served, he must file an Amended Complaint containing a "short and plain statement" of a coherent claim. *See* Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007) (requiring complaint state sufficient facts to be "plausible on its face"). He need not "present every last detail" of his case, *Swain v. Colo. Tech. Univ.*, 2014 WL 3012693 at * 2 (S.D. Ga. June 12, 2014), *adopted* 2014 WL 3568334 (S.D. Ga. July 18, 2014), but he must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quotes and cite omitted). Those grounds must present the elements of each legal claim, *including the basis for this Court's jurisdiction*, and follow all procedural rules, including Fed. R. Civ. P. 8 & 10. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ([A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules.")

**SO ORDERED**, this 4th day of November, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA